UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RODNEY SILAS,

                                                                      05 Civ. 7181 (RJH) (MHD)

        Plaintiff,

        - against -

                                                    MEMORANDUM
CITY OF NEW YORK, et al.,                    OPINION & ORDER

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      *Pro se* plaintiff Rodney Silas sued defendants New York City and certain New York City correctional officer for violations of 42 U.S.C. § 1983 in connection with a claim for use of excessive force. The case was referred to Magistrate Judge Dolinger for general pretrial purposes. A settlement conference was held before Judge Dolinger on January 19, 2007 at which time counsel for defendants appeared in person and plaintiff, then incarcerated at the Marcy Correctional Facility, appeared by telephone. At the end of the conference, plaintiff orally accepted defendants' counsel's offer to settle the case for $1,500. The oral agreement was not recorded at that time. On January 23, 2007 defendants' counsel mailed settlement papers to defendant. However, on January 22, 2007 the plaintiff had written to defendants' counsel advising him that plaintiff was no longer willing to settle the case on the terms that had been agreed to at the settlement conferences.

      Defendants thereafter moved to enforce the terms of the settlement, arguing that "(1) the oral settlement agreement that was reached before the Court on January 19, 2007

is goverened by state law and (2) the agreement satisfies New York C.P.L.R. 2104." (Defs.' Supp. Mem. at 3-4).

On September 24, 2007 Judge Dolinger issued a Report and Recommendation that defendants' motion be denied. A copy of the Report is attached in its entirety. Judge Dolinger noted that it was an open question in the Second Circuit whether the enforceability of a settlement agreement in a federal action was to be determined under state or federal law. (Report at 5–6 (citing *Moneghan v. SZS 33 Assocs., L.P.*, 73 F.3d 1276, 1283 n.3 (2d Cir. 1996).) However, since defendants conceded that New York law applied, he reviewed the relevant case law interpreting C.P.L.R. 2104. This rule provides:

> An agreement between parties or their attorneys relating to any matter in any action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.

Since there was no writing subscribed by the plaintiff and no order entered by the court, Judge Dolinger concluded that the parties' oral agreement was enforceable under C.P.L.R. 2104 only if it was "made between counsel in open court." On this issue, he found that an oral agreement made in chambers without any documentation did not substantially comply with the "open court" proviso found in C.P.L.R. 2104. Defendants have now objected to the Report and move for an order enforcing the terms of the oral settlement agreement.

The district court adopts a magistrate judge's Report and Recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination

2

of those portions of a Report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. *See Nelson*, 618 F. Supp. at 1189. If the party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Sanchez v. Dankert*, 2004 WL 439502, at *1 (S.D.N.Y. March 9, 2004); *accord Johnson v. City Univ. of New York*, 2003 WL 21435469, at *1 (S.D.N.Y. June 19, 2003); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). On the other hand, where objections to a report are "specific and . . . address only those portions of the proposed findings to which the party objects, district courts should conduct a *de novo* review of the issues raised by the objections." *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992).

  Having reviewed the Report and Recommendation and the authority on which it is based *de novo*, the Court adopts the Report in its entirety and denies defendants' motions. Under C.P.L.R. 2104 there are three ways to create a valid and binding stipulation of settlement. *See* 4 Weinstein, Korn, and Miller, New York Civil Practice ¶¶ 2104.00–03. Two of those procedures require a writing, either a stipulation signed by the party to be bound or his counsel, or a stipulation that has been reduced to an order, signed by the judge and entered. *Id.* ¶ 2104.00. In the absence of a writing, however, an oral stipulation is enforceable only if made by counsel in open court. While New York courts will uphold an oral settlement agreement that "substantially complies" with the "open

3

court" requirement, the Report correctly concluded that the wholly undocumented oral agreement in the instant case did not amount to substantial compliance. (Report at 12–17.) Even if the "open court" requirement were satisfied, the Court notes that the parties' oral settlement appears unenforceable because it was not an agreement "between counsel," nor could it be inasmuch as plaintiff was appearing *pro se*. The Report assumes, *arguendo*, that C.P.L.R. 2104 would apply to an oral agreement between counsel and a *pro se* party. (Report at 9 n. 2.) However, the Rule clearly distinguishes between the acts of parties and their attorneys in its first and last clause. Notably, the "open court" proviso, by its terms, does not apply to a stipulation between counsel and a party. The Court sees no reason why the literal terms of the rule should not be applied to the present case.

## CONCLUSION

For the reasons stated above and in the Report and Recommendation of Magistrate Judge Dolinger, defendants' motions [44, 49] are denied.

SO ORDERED.

Dated: New York, New York
February 21, 2008

Richard J. Holwell
United States District Judge

4